IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JESSICA SANDERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-574-CVE-FHM |
| | ) | |
| SHADOW MOUNTAIN BEHAVIORAL | ) | |
| HEALTH SYSTEM, LLC, UNIVERSAL | ) | |
| HEALTH SERVICES, INC., and UHS OF | ) | |
| DELAWARE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff's *Motion for Contempt,* [Dkt. 25], is before the court for decision. The motion has been fully briefed. [Dkts. 32, 35]. Plaintiff requests the court enter an Order finding Defendants in contempt of court for their willful and deliberate refusal to obey the court's January 31, 2019 Order compelling arbitration. [Dkt. 21]. Plaintiff also seeks compensation in the amount of $4,225.00 resulting from Defendants' noncompliance with the court's Order for fees and costs associated with attempts made by counsel to obtain Defendants' cooperation.

Plaintiff argues that despite petitioning the court for an Order compelling arbitration, the Defendants' refusal to participate in arbitration has effectively barred Plaintiff from obtaining recourse in either venue. Plaintiff contends that this proceeding was delayed for nearly a year due to Defendants' refusal to engage in arbitration and that Defendants did not comply with the court's Order until after Plaintiff filed her Motion for Contempt. Defendants acknowledge their response to Plaintiff's arbitration demand was delayed, however, Plaintiff's motion was premature as the ARC Agreement provides for appointment

of an arbitrator. Plaintiff did not apply to the court for appointment of a neutral arbitrator, but instead, filed her motion for contempt. Defendants argue that Plaintiff's motion should be denied as moot because they answered Plaintiff's demand for arbitration on October 2, 2019 and the parties have agreed on an arbitrator.

The record does not support Plaintiff's contention that Defendant ignored the court's Order compelling arbitration. The court ordered arbitration on January 31, 2019. On February 6, 2019 Plaintiff sent Defendant a demand for arbitration. On March 4, 2019 Defendant acknowledged Plaintiff's demand and on March 11, 2019 there was a telephone conference between counsel concerning arbitration. Thereafter, it appears that communications between counsel concerning possible settlement and the selection of an arbitrator continued through September 2019. When settlement discussions were unsuccessful, an arbitrator was agreed upon and the arbitration process has begun.

While the process took more time than it probably should have, the court finds that Plaintiff has not established that Defendant disobeyed or ignored the courts Order. *U.S. v. Ford,* 514 F.3d 1047 (10th Cir. 2008). Plaintiff's *Motion for Contempt,* [Dkt. 25], is DENIED.

SO ORDERED this 13th day of November, 2019.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE